## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JAMES HARDING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action: 3:20-cv-3500 |
| | § | |
| EQUIFAX INFORMATION | § | With Jury Demand Endorsed |
| SERVICES LLC, EXPERIAN | § | |
| INFORMATION SOLUTIONS, Inc., | § | |
| TRANS UNION LLC, INNOVIS DATA | § | |
| SOLUTIONS, Inc., and OCWEN LOAN | § | |
| SERVICING, LLC d/b/a PHH MORTGAGE | § | |
| SERVICES | § | |
| Defendants. | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, James Harding ("Plaintiff"), by and through counsel, for his Complaint against Defendants, Equifax Information Services LLC**,** Experian Information Solutions, Inc., Trans Union LLC, Innovis Data Solutions, Inc., and Ocwen Loan Servicing, LLC d/b/a PHH Mortgage Services, jointly, severally, and in solido, states as follows:

### I.  INTRODUCTION

1.      Four of the Defendants are consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f), and Defendant PHH Mortgage Services, as successor by merger to Ocwen Loan Servicing LLC, is a furnisher of consumer information. All Defendants have violated 15 U.S.C. §

1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Ocwen Loan Servicing, LLC d/b/a PHH Mortgage Services is also liable for violating the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II. PARTIES

2.      Plaintiff, James Harding, a natural person residing in Gregg County, Texas, is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c)**,** and is a victim of repeated false credit reporting and violations of RESPA.

**Made Defendants herein are**:

3.      Upon information and belief, Defendant Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its headquarters, 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.  Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4.      Upon information and belief, Defendant Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," or "CRA Defendant," or "CRA Defendants," is an Ohio corporation that does business in this judicial district

and may be served by delivering a summons to its headquarters, 475 Anton Blvd., Costa Mesa, California 92626. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

5.    Upon information and belief, Defendant Trans Union LLC, which may also hereinafter be referred to as "Trans Union", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is an Illinois limited liability company that does business in this judicial district and may be served by delivering a summons to its headquarters, 555 West Adams Street, Chicago, Illinois 60681. Trans Union is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

6.    Upon information and belief, Innovis Data Solutions, Inc., which may also hereinafter be referred to as "Innovis", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," is an Ohio corporation that does business in this judicial district and may be served by delivering a summons to its headquarters, 250 E. Town Street, Columbus, Ohio 43215. Innovis is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Innovis regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the

purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Innovis disburses such consumer reports to third parties of contract for monetary compensation.

7.      Upon information and belief, Defendant Ocwen Loan Servicing, LLC d/b/a PHH Mortgage Services which may also hereinafter be referred to as "Ocwen," "PHH," "Ocwen/PHH" "Ocwen d/b/a PHH," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company, who acquired PHH Mortgage Services, a New Jersey Corporation, that does substantial business in this judicial district may be served by delivering a summons to its Legal Department at its headquarters, 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409 and to its Legal Department at its subsidiary's headquarters, 1 Mortgage Way, Mount Laurel, New Jersey 08054 . Ocwen d/b/a/ PHH is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.  Further, Ocwen Loan Servicing, LLC d/b/a PHH Mortgage Services is a servicer as defined by RESPA, 12 U.S.C. v 2605(i)(2).

8.      As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, TransUnion, and Innovis.

### III.  JURISDICTION AND VENUE

9.      Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arising under federal law—28 U.S.C. §§ 1331, 1334, and 1367 and 15 U.S.C. § 1681(p). Plaintiff also asserts actions under state law which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

10.     Venue is proper in this district, because Defendants transact business in this district, PHH services the loan on behalf of Ocwen in this district, a substantial part of the conduct complained of occurred in this district, and various actions made bases of Plaintiff's claims against Defendants occurred in this district. 28 U.S.C. § 1391.

11.     Venue is further proper in this District, because the CRA Defendants entered into agreements with Ocwen d/b/a PHH in this judicial district to receive credit reporting data concerning Plaintiff. Any and all requests to investigate Plaintiff's dispute sent from the CRA Defendants as part of their reinvestigation were submitted to Ocwen d/b/a PHH's headquarters and investigated by the furnisher Ocwen d/b/a PHH using PHH/Ocwen's resources located at or closely connected to this judicial district. Ocwen d/b/a PHH managed Plaintiffs' mortgage from this judicial district including communicating amounts owed and conducting numerous communications via phone and letter.

### IV.  FACTUAL ALLEGATIONS

12.     In April 2006, Plaintiff secured a mortgage loan for his property located at 405 S. Sun Camp Road, White Oak, TX, with Amerigroup Mortgage Company (the "mortgage account").

13.     Upon information and belief, sometime thereafter on or about February 1, 2019 the

mortgage account was transferred, purchased, sold to, or otherwise acquired by Defendant Ocwen (hereinafter the "Ocwen mortgage").

14.     Plaintiff has ritually made timely payments on the Ocwen mortgage and frequently monitored his credit files for accuracy.

15.     Upon information and belief, sometime thereafter in October 2018, PHH Mortgage Corporation, a New Jersey Corporation, merged with Ocwen and became a subsidiary. PHH thereafter became the mortgage loan server for Plaintiffs' loan, having acquired servicing for the mortgage account (hereinafter the "Ocwen/PHH mortgage").

16.     Sometime in July 2020, Plaintiff pulled his 3-Bureau Credit Report ("Trimerge Report"), providing the credit reporting of Equifax, Experian, and TransUnion, and noticed that it was not accurate.  Plaintiff's Trimerge Report is attached hereto as Exhibit "A" and incorporated herein by reference.

17.     Within the Trimerge Report, Plaintiff noticed that Equifax inaccurately reported a $24,136.00 balance as of June 1, 2020; failed to report his payment history; failed to report the term length of his mortgage; double reported the mortgage obligation; and failed to report closure of the Ocwen account.

18.     Equifax's reporting was incorrect in each of these respects.

19.     Within the Trimerge Report, Plaintiff noticed that Experian likewise inaccurately reported a $24,136.00 balance as of June 1, 2020; double reported the mortgage obligation; and failed to report closure of the Ocwen account. Experian's reporting was incorrect in each respect.

20.     Within the Trimerge Report, Plaintiff noticed that TransUnion inaccurately reported a $24,136 balance as of June 1, 2020.   TransUnion, like Equifax and Experian, was incorrect

because Plaintiff's outstanding balance on March 3, 2020, March 23, 2020, May 5, 2020 and June 22, 2020 was $23,600.02, $23,500.00, $23,400.00 and $23,300 respectively.

21.     In July 2020, Plaintiff also pulled his Innovis credit report and noticed that it too was not accurate.

22.     Within the Innovis credit report, Plaintiff noticed that it was not reporting his mortgage account tradelines.   Innovis's reporting was incorrect because Plaintiff had accounts with Ocwen and PHH.

23.     A redacted copy of Plaintiff's Innovis Credit Report is attached hereto as Exhibit "B" and incorporated in by reference.

24.     On or about August 24, 2020, Plaintiff sent direct disputes to Equifax, Experian, Trans Union, and Innovis and requested that the CRA Defendants investigate the reporting of the Ocwen/PHH mortgage account. Plaintiff requested that under the FCRA, each CRA Defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit reports concerning the Ocwen/PHH mortgage account.   Plaintiff attached a copy of his mortgage statements, which evidenced his account and the outstanding balance, to the dispute letters.

25.     Redacted copies of Plaintiff's unsigned dispute letters sent to Equifax, Trans Union, Experian, and Innovis on August 24, 2020 are each attached as Exhibits "C", "D", "E", and "F", respectively and incorporated herein by reference.

26.     Equifax responded to Plaintiff's dispute letter on September 3, 2020 by making none of the requested changes. A redacted copy of Equifax's response is attached hereto as Exhibit "G" and incorporated herein by reference.

27.     Therein, Equifax wrote, "[t]his account is currently reporting paid as agreed, with no

late payments. This creditor has verified to OUR company that this account has not been closed. This creditor has verified to OUR company that the balance is being reported correctly."

28.     On November 16, 2020 Plaintiff obtained his credit report and noted that Transunion was now reporting a balance owed of $24,429 which was an increase in the balance it was previously reporting even though Plaintiff had continued making timely monthly payments.

29.     Equifax's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Ocwen/PHH mortgage tradeline.

30.     Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Ocwen/PHH mortgage account.

31.     Upon the Plaintiff's request to Equifax for verification and addition regarding the Ocwen/PHH mortgage mortgage account, and in accordance with Equifax's standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Ocwen/PHH mortgage tradeline.

32.     In the alternative, Equifax failed to contact Ocwen/PHH and, therefore, failed to perform any investigation at all.

33.     In the alternative to the allegation that Equifax failed to contact Ocwen/PHH, it is alleged that Equifax did forward some notice of the dispute to Ocwen/PHH, and Ocwen/PHH failed to conduct a lawful investigation.

34.     Experian responded to Plaintiff's dispute letter on September 8, 2020 by making none of the requested changes. A redacted copy of Experian's response is attached hereto as Exhibit "H" and incorporated herein by reference.

35.     Experian responded, specifically, by informing Plaintiff that "[t]he company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute."

36.     On November 16, 2020  Plaintiff obtained his credit report and noted that Experian was now reporting a balance owed of $24,429 which was an increase in the balance it was previously reporting even though  Plaintiff had continued making timely monthly payments.

37.

38.     Experian's response was not the result of a reasonable investigation into Plaintiff's dispute and Experian failed to remedy the inaccuracies within the Ocwen/PHH mortgage tradeline and failed to provide any explanation as to why it reported the Ocwen/PHH mortgage tradeline the way it did.

39.     Experian chose to "verify" false information from an unreliable source, failed to correct the inaccurate information and continued to publish the inaccurate information regarding Plaintiff's Ocwen/PHH mortgage account.

40.     Upon the Plaintiff's request to Experian for verification and addition regarding the Ocwen/PHH mortgage account, and in accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Ocwen/PHH mortgage tradeline.

41.     In the alternative, Experian failed to contact Ocwen/PHH mortgage, therefore, failed to perform any investigation at all.

42.     In the alternative to the allegation that Experian failed to contact Ocwen/PHH mortgage, it is alleged that Experian did forward some notice of the dispute to Ocwen/PHH

mortgage, and Ocwen/PHH mortgage failed to conduct a lawful investigation.

43.     Trans Union responded to Plaintiff's dispute on September 3, 2020. A redacted copy of Trans Union's response is attached hereto as Exhibit "I" and incorporated herein by reference.

44.     Therein, Trans Union informed Plaintiff that Trans Union made an unspecified change to his credit report.  However, Trans Union continued to inaccurately report Plaintiff's Ocwen/PHH mortgage balance.

45.     On November 16, 2020  Plaintiff obtained his credit report and noted that Transunion was now reporting a balance owed of $24,429 which was an increase in the balance it was previously reporting even though  Plaintiff had continued making timely monthly payments.

46.     Trans Union's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Ocwen/PHH mortgage tradeline and gave no explanation as to why it reported the Ocwen/PHH mortgage tradeline the way it did.

47.     Trans Union chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Ocwen/PHH mortgage account.

48.     Upon the Plaintiff's request to Trans Union for verification and addition regarding the Ocwen/PHH mortgage account, and in accordance with Trans Union's standard procedures, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Ocwen/PHH mortgage tradeline.

49.     In the alternative, Trans Union failed to contact Ocwen/PHH and, therefore, failed to perform any investigation at all.

50.     In the alternative to the allegation that Trans Union failed to contact Ocwen/PHH, it

is alleged that Trans Union did forward some notice of the dispute to Ocwen/PHH, and Ocwen/PHH failed to conduct a lawful investigation.

51.     Innovis responded to Plaintiff's dispute on September 28, 2020.  A redacted copy of Innovis's response is attached hereto as Exhibit "J" and incorporated herein by reference.

52.     In its response, Innovis displayed the Ocwen/PHH mortgage on the Innovis credit report, but reported an inaccurately high balance of $24,710 as of September 10, 2020.

53.     Innovis's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Ocwen/PHH mortgage tradeline and gave no explanation as to why it reported the Ocwen/PHH mortgage tradeline the way it did.

54.     Innovis chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Ocwen/PHH mortgage account.

55.     Upon the Plaintiff's request to Innovis for verification and addition regarding the Ocwen/PHH mortgage account, and in accordance with Innovis's standard procedures, Innovis did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Ocwen/PHH mortgage tradeline.

56.     In the alternative, Innovis failed to contact Ocwen/PHH and, therefore, failed to perform any investigation at all.

57.     In the alternative to the allegation that Innovis failed to contact Ocwen/PHH, it is alleged that Innovis did forward some notice of the dispute, and Ocwen/PHH failed to conduct a lawful investigation.

58.     On February 19, 2020, Plaintiff sent a direct dispute to Ocwen/PHH to investigate

its reporting of the Ocwen/PHH mortgage and asking PHH to provide information and to fix the errors.

59.     A redacted copy of Plaintiff's unsigned letter to Ocwen/PHH is attached hereto as Exhibit "K" and incorporated in by reference.

60.     PHH responded to Plaintiff on September 4, 2020 stating no error occurred and the balances are reporting accurately.

61.     A redacted copy of PHH's letter to Plaintiff is attached hereto as Exhibit "L" and incorporated herein by reference.

62.     PHH's response was incorrect and Plaintiff provided the relevant mortgage statements which proved PHH's response was incorrect.

63.     PHH did not fix the errors that it knew existed in violation of RESPA.

## V.  GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

64.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

65.     Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

66.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

67.     Equifax knew or should have known Plaintiff's account status and payment history

were inaccurate, but Equifax continued to prepare a patently false consumer report concerning Plaintiff.

68.      Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

69.      After Equifax knew or should have known Plaintiff's account status and payment history were inaccurate, it failed to make the corrections.

70.      As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

71.      Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

72.      The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

73.      The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

74.      Equifax violated 1681i by failing to update inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain

reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

75.     As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

76.     Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

77.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

78.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

79.     Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

80.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

81.     Experian knew or should have known of Plaintiff's account status and payment

history, but Experian continued to prepare a patently false consumer report concerning Plaintiff.

82.     Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

83.     After Experian knew or should have known Plaintiff's account status and payment history were inaccurate, it failed to make the corrections.

84.     As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

85.     Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

86.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT IV – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

87.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

88.     Experian violated 15 U.S.C. § 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to the furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed

information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

89.     As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

90.     Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

91.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT V – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

92.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

93.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

94.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

95.     Trans Union knew or should have known of Plaintiff's account status and payment

history, but Trans Union continued to prepare a patently false consumer report concerning Plaintiff.

96.     Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Trans Union readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

97.     After Trans Union knew or should have known Plaintiff's account status and payment history were inaccurate, it failed to make the corrections.

98.     As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

99.     Trans Union's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

100.    The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### COUNT VI – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

101.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

102.    Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed

information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

103.    As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

104.    Trans Union's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

105.    The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT VII – INNOVIS'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

106.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

107.    Innovis violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

108.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

109.    Innovis knew or should have known of Plaintiff's payment history was inaccurate,

but continued to prepare a patently false consumer report concerning Plaintiff.

110.    Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Innovis readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

111.    After Innovis knew or should have known Plaintiff's account status and payment history were inaccurate, it failed to make the corrections.

112.    As a result of Innovis's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

113.    Innovis's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

114.    The Plaintiff is entitled to recover costs and attorney's fees from Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## COUNT VIII – INNOVIS'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

115.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

116.    Innovis violated 15 U.S.C. § 1681i on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed

information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

117.     As a result of Innovis's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

118.     Innovis's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

119.     The Plaintiff is entitled to recover costs and attorney's fees from Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT IX - OCWEN d/b/a PHH'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

120.     Defendant Ocwen d/b/a/ PHH violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

121.     Ocwen d/b/a/ PHH further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Ocwen d/b/a/ PHH representation within Plaintiff's credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiff's dispute of the Ocwen d/b/a/ PHH representation, failing to accurately respond to the CRA

Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Ocwen d/b/a/ PHH representations to the consumer reporting agencies.

122.    As a result of Ocwen d/b/a/ PHH's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in his attempt to refinance, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

123.    Ocwen d/b/a/ PHH's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT X-  OCWEN D/B/A/ PHH'S VIOLATION OF RESPA

124.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

125.    Under RESPA section 2605(e) and the implementing regulations, a servicer must conduct a reasonable investigation of the errors identified in the borrower's notice and make all appropriate corrections to the account.

126.    Ocwen d/b/a/ PHH has negligently and/or willfully violated section 2605(e) by failing to conduct a reasonable investigation of the errors brought to its attention by Plaintiff's request, correct the account accordingly, and left the account riddled with errors.

127.    Ocwen d/b/a/ PHH further violated § 2605(e) by failing to credit late charges and/or penalties as required under subsection (2)(A).

128.    Ocwen d/b/a/ PHH's failure to respond, conduct a reasonable investigation and make

the appropriate corrections to Plaintiff's account, as well as credit late fees and/or penalties, has proximately caused Plaintiff's damages.

129.    Defendant Ocwen d/b/a/ PHH is therefore liable to Plaintiff for statutory and actual damages as provided in 12 U.S.C. § 2605(f).

130.    Plaintiff is also entitled to recover reasonable attorney's fees and costs expended in this proceeding from Ocwen d/b/a/ PHH as provided in 12 U.S.C. § 2605(f).

## VI.  VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

131.    Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

132.    Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or state law, including Texas.

133.    Plaintiff respectfully requests that this Honorable Court award Plaintiff his litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

134.    The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

135.    Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

136.    Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

137.    Defendants have negligently and/or willfully violated various provisions of the FCRA and Ocwen d/b/a/ PHH negligently and/or willfully violated RESPA and are thereby liable unto Plaintiff.

138.    Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial in his attempt to refinance his mortgage, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PREMESIS CONSIDERED**, Plaintiff, James Harding, prays that this Honorable Court:

A.    Enter Judgment in favor of Plaintiff and against Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, Innovis Data Solutions, Inc., and Ocwen d/b/a/ PHH, jointly, severally, and in solido, for all reasonable damages sustained by

Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, Ocwen d/b/a/ PHH's violation of RESPA, applicable state law, and common law;

B.      Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

C.      Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

D.      Order that the CRA Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and Innovis Data Solutions, Inc., and Furnisher Defendant, Ocwen d/b/a/ PHH, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers.

E.      Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.


Date Filed: <u>November 27, 2020</u>

                          Respectfully submitted,

                          <u>/s/ Matthew P. Forsberg</u>
                          Matthew P. Forsberg
                          TX State Bar Number 24082581
                          Matt@FieldsLaw.com
                          FIELDS LAW FIRM

                      Page 24 of 25

9999 Wayzata Blvd.
Minnetonka, Minnesota 55305
(612) 383-1868 (telephone)
(612) 370-4256 (fax)

By: */s/ Jonathan A. Heeps*
Jonathan A. Heeps
State Bar No. 24074387
LAW OFFICE OF JONATHAN A. HEEPS
Post Office Box 174372
Arlington, Texas 76003
Telephone (682) 738-6415
Fax (844) 738-6416
jaheeps@heepslaw.com

COUNSEL FOR PLAINTIFF

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

November 27, 2020                    */s/ Matthew P. Forsberg*
Date                                 Matthew P. Forsberg